UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HICKS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>M. FELDER, et al.,<br><br>　　　　Defendants. | Case No.: 1:17-cv-01167-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS BE DENIED<br><br>(ECF No. 5)<br><br>**FOURTEEN (14) DAY DEADLINE** |

　　　　Plaintiff Michael Hicks is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint in this action on August 30, 2017. (ECF No. 1). Currently before the Court is Plaintiff's motion for leave to proceed in forma pauperis, filed on October 10, 2017. (ECF No. 5.)

　　　　As Plaintiff acknowledges in his complaint, he is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Specifically, Plaintiff has previously had

three or more lawsuits dismissed as frivolous, malicious, or for the failure to state a claim upon which relief may be granted.[1] Plaintiff asserts that although he has incurred three strikes prior to filing this action, he is under imminent danger of serious physical injury.

The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy the imminent danger exception to § 1915(g). Andrews v. Cervantes, 493 F.3d 1047, 1053−55 (9th Cir. 2007). Plaintiff alleges that at his prior institution, he was denied a Gabapentin to treat cervical pain, and has since been transferred to a new institution. Plaintiff must show that he is in imminent danger of serious physical injury at the time his complaint was filed in this action. These past events not concerning Plaintiff's current status do not show any imminent danger.

Plaintiff further alleges that as of April 18, 2017, he was transferred to a new institution, where he is being treated with Gabapentin. However, he believes he is not being given a high enough dosage to completely manage his pain, and has not been provided alternative pain treatment, such as heat pads. Plaintiff's allegation that he is not being treated with his preferred dosage or methods does not show a serious danger of physical injury. Therefore, Plaintiff has not shown that he meets the imminent danger exception to §1915(g), Plaintiff must pay the $400.00 filing fee if he wishes to litigate this action.[2]

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1. The motion to proceed in forma pauperis (ECF No. 5) be DENIED, pursuant to 28 U.S.C. § 1915(g); and

2. Plaintiff be ORDERED to pay the $400 initial filing fee in full to proceed with this action.

---

[1] The Court takes judicial notice of the following cases: (1) Hicks v. Marshall, et al., No. 13:93-cv-4272(N.D. Cal. Oct. 13, 1994) (dismissed for failure to state a claim); (2) Hicks v. Lewis, et al., No. 3:94-cv-2103 (N.D. Cal. Nov. 22, 1994) (dismissed for failure to state a claim); (3) Hicks v. Berkson, et al., No. 1:02-cv-05905-AWI-SMS (E.D. Cal. June 19, 2003) (dismissed for the failure to state a claim); and (4) Hicks v. California Dep't of Corrections and Rehabilitation, No. 2:08-cv-00511-SPK (E.D. Cal. Dec. 21, 2009) (dismissed for the failure to state a claim).

[2] The Court is not ruling on whether the complaint states a cognizable claim at this time.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 15, 2017**         /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE